UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ARLENE BECKER ZARMI

    Plaintiff

vs.

Case No.:

Hon.

PETER J. BENTZ
McKEVITT TRUCKING LIMITED

    Defendants

| | |
|---|---|
| BRAY CAMERON LARRABEE & CLARK PC<br>Jennifer A. Bray (P58972)<br>225 Ludington Street<br>Escanaba, Michigan 49829<br>906.786.3902<br>bray@uppermichiganlaw.com<br>*Attorneys for plaintiff* | WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP<br>William S. Cook (P68934)<br>17197 N. Laurel Park Drive, Suite 201<br>Livonia, Michigan 48152<br>313.327.3100 p | 313.327.3101 f<br>william.cook@wilsonelser.com<br>*Attorneys for defendants* |

DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1446

Defendants Peter Bentz and McKevitt Trucking Ltd., by and through their attorneys, submit this notice of removal in accordance with 28 U.S.C. §1446 and further state as follows:

Background

1.    Plaintiff Arlene Becker Zarmi, through her attorneys, filed a personal injury complaint in Menominee County Circuit Court against defendants Peter Bentz and McKevitt Trucking Ltd. (case number 22-17119-NI). (A copy of the complaint received by defendants is attached as Exhibit A.)

1

2. The lawsuit arises out of an alleged accident on August 25, 202, and plaintiff alleges she sustained personal injuries as a result of the accident.

Basis for removal – diversity jurisdiction

3. A defendant may remove a case from state court to federal court if a federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a).

4. Federal courts have original jurisdiction based on diversity of citizenship if two requirements are met—the amount in controversy exceeds $75,000 and the dispute arises between citizens of different states or between citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a). These requirements are satisfied here.

5. **Diversity of citizenship.** Diversity of citizenship exists because plaintiff is a citizen of a state and defendants are citizens or subjects of a foreign state.

6. Plaintiff is a resident and citizen of Wisconsin. (Ex. A, ¶ 1)

7. Defendant Peter Bentz is a resident and citizen of Ontario, Canada. (Ex. A, ¶ 2)

8. For determining diversity of citizenship, a corporation is a citizen of (1) its state of incorporation and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c).

9. Defendant McKevitt Trucking, Ltd. is a company incorporated under the laws of Canada and has a principal place of business in Ontario, Canada. (Ex. A, ¶ 12)

10. There is complete diversity of citizenship among the parties based on 28 U.S.C. § 1332(a). Plaintiff is a citizen of Wisconsin, while defendants are citizens of Canada.

11. **Amount in controversy.** Diversity jurisdiction further exists because the amount in controversy exceeds $75,000.

12. Plaintiff's complaint only alleges that "[t]he amount in controversy exceeds $25,000.00," which is the jurisdictional requirement for a state circuit court action. (Ex. A, ¶ 3)

2

13. However, plaintiff's complaint also alleges that, as a result of the accident, plaintiff sustained "serious impairment of a bodily function including, but not limited to, lumbar spine, including compression fractures, disc protrusions, bulges, and other bruises and contusions." (Ex. A, ¶ 9)

14. Her complaint further alleges that her damages including pain and suffering, lost wages, excess economic loss, and inability to enjoy the normal functions of life. (Ex. A, ¶ 10)

15. Given the alleged injuries and damages for plaintiff, defendants believe that the amount in controversy exceeds $75,000 exclusive of interest and costs.

16. Based on the above, removal of the state court action to this court is proper under 28 U.S.C. §§ 1332(a)(2) and 1446(b) due to diversity of citizenship of all the parties and an amount in controversy in excess of $75,000 exclusive of interest and costs.

Procedural matters

17. **Removal is timely.** This Notice of Removal is timely under 28 U.S.C. § 1446(b). McKevitt Trucking received a copy of the complaint on January 28, 2022, and Peter Bentz received a copy of the complaint on January 31, 2022. This Notice of Removal is therefore timely because it is filed within 30 days after the defendants received the complaint.

18. **Removal to proper court.** A defendant must remove a case "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Plaintiff filed her state court lawsuit in Menominee County, Michigan, which is within the judicial district of this court. 28 U.S.C. § 102(b)(2).

19. **Pleadings and process.** Defendants have attached a copy of all pleadings and orders that have been served in the state court action as Exhibit A.

20. **Service of state court notice.** Defendants will promptly serve plaintiff with this Notice of Removal and will also promptly file a copy of this Notice of Removal with the Menominee County Circuit Court as required by 28 U.S.C. § 1446(d).

21. **Consent of other defendants.** 28 U.S.C. § 1446(b)(2) permits removal only if "all defendants who have been properly joined and served" consent to removal. This requirement is met because all defendants consent to removal.

22. All the requirements for removal of the state court action to this court under 28 U.S.C. § 1446 are met, this court's jurisdiction is established based on diversity of citizenship, and defendants remove this action from Menominee County Circuit Court to the United States District Court, Western District of Michigan.

          WILSON ELSER MOSKOWITZ
            EDELMAN & DICKER, LLP

By: /s/ William S. Cook
    William S. Cook (P68934)
    17197 N. Laurel Park Drive, Suite 201
    Livonia, Michigan 48152
    313.327.3100
    william.cook@wilsonelser.com
    *Attorneys for defendants*

Certificate of Service

The undersigned certifies that on February 18, 2022, this document was electronically filed with the Clerk of the Court using the CM/ECF system. Copies were also emailed to counsel identified in the caption on the same date.

/s/ William S. Cook
William S. Cook